IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02343-LTB-CBS

CLYTIE DANIEL, Private Bond # RB907183529US,
    Petitioner,
v.
STATE OF COLORADO, JEFFERSON COUNTY COURT, Case # No. 07-C4-9485, including all writs, bonds and the record, In Rem,
DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee of Ameriquest Mortgage Securities, Inc. under pooling and servicing agreement dated March 1, 2005,
SHIRLEY WILLIAMS dba Shirley Williams, Alternate Judge, Jefferson County,
MARY SCHAEFER dba Mary Schaefer, Public Trustee, Jefferson County,
TED MINK, dba Ted Mink, Sheriff, Jefferson County, and
FAYE GRIFFIN, dba Faye Griffin, Clerk & Recorder, Jefferson County,
    Respondents.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the "Verified Petition for Libel of Review, Replevin and Injunctive Relief . . ." ("Complaint") (doc. # 1), the "Verified Amended Petition for Libel of Review, Replevin and Injunctive Relief . . ." ("Amended Complaint") (doc. # 27), and numerous motions. Pursuant to the Order of Reference dated November 13, 2007 (doc. # 3) and the memoranda dated November 13, 2007 (doc. # 4), December 6, 2007 (doc. # 17), December 7, 2007 (doc. # 18), December 13, 2007 (doc. # 21), December 27, 2007 (doc. # 24), and January 8, 2008 (doc. # 28), all matters were referred to the Magistrate Judge. The court has reviewed the pleadings, the motions, the responses filed December 21, 2007 (docs. # 22 and # 23), December 31, 2007 (doc. # 25), January 7, 2008 (doc. # 26), and January 15, 2008 (doc. # 30), the replies filed January 7, 2008 (doc. # 26) and January 16, 2008 (doc. # 31), the entire case file, and the applicable law and is sufficiently advised in the premises.

I. Statement of the Case

Ms. Daniel's *pro se* Complaint and Amended Complaint are difficult to comprehend.[1] They consist of "archaic, non-existent, or patently irrelevant legal jargon," invoking admiralty jurisdiction, among other things. (*See* "Opinion and Order Granting Motion to Dismiss and Dismissing Case" (doc. # 9) in *Clytie L. Daniel v. Deutsche Bank National Trust Company*, Civil Action No. 07-cv-01400-MSK-MEH). While *pro se* complaints are to be construed liberally, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), the court must not guess as to the factual circumstances that led to the complaint or what is intended by the *pro se* litigant, *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."). Defendants have moved to dismiss this civil action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction pursuant to Fed. R. Civ.P. 12(b)(2), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

II. Subject Matter Jurisdiction

A. Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) ("Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."). *See also Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff

---

[1] A "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). Here, no responsive pleading has yet been filed. *See* Fed. R. Civ. P. 7(a).

pleads sufficient facts to establish it.") (citations omitted).

"Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.' " *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Celli*, 40 F.3d at 327 (internal quotation marks and citations omitted). "A determination of the district court's subject matter jurisdiction is a question of law." *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987).

B. Analysis

In the instant case, there is no allegation of diversity of citizenship. In fact, the allegations suggest that the parties are not diverse. It is apparent that Ms. Daniel and Defendants Jefferson County Court, Williams, Schaefer, Mink, and Griffin are all residents of Colorado. Therefore, if federal subject matter jurisdiction exists, it must arise under a law of the United States. See 28 U.S.C. § 1331.

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Morris*, 39 F.3d at 1111 (internal quotation marks and citation omitted). "Thus, a district court may exercise jurisdiction when the cause of action is created by federal law or turns on a substantial question of federal law." *Morris*, 39 F.3d at 1111. "Statutes conferring jurisdiction on federal courts are to be strictly construed." *Walker v. Board of Trustees, Regional Transp. Dist.*, 76 F. Supp. 2d 1105, 1108 (D. Colo. 1999) (citation omitted).

Ms. Daniel has not addressed Defendants' arguments regarding lack of subject

matter jurisdiction. (*See* Objections and Motions to Strike (docs. # 22 and # 23). The Complaint and Amended Complaint allege several bases for subject matter jurisdiction. First, Ms. Daniel invokes "46 App. U.S.C. § 1247." (*See* Complaint at p. 2 of 16; Amended Complaint at p. 2 of 18). This statute involves mortgages upon United States vessels sailing between the United States and foreign nations and is not applicable to this action. Ms. Daniel further alleges "[t]his is an admiralty/maritime cause of action within the meaning of Federal Rules of Civil Procedure 9(h)" and "28 USC 1333, 1337." (*See id.*). Other than referring to Rule 9(h) and § 1333 and calling herself a "vessel," Ms. Daniel makes no other allegations supporting her invocation of admiralty jurisdiction. This case does not involve a tort that occurred on navigable water or injury caused by a vessel on navigable water. *See Jerome B. Grubhart, Inc. v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527, 531-32 (1995) (establishing two-part test to determine whether admiralty jurisdiction exists). Nor does this case involve a contract that is maritime in nature. *See Hunsaker v. United States*, 66 Fed. Cl. 129 (Fed. Cl. 2005) ("Admiralty jurisdiction extends only to contracts that are wholly maritime in nature.") (internal quotation marks and citations omitted). There is nothing alleged that occurred between the parties to this case that concerns maritime activity or admiralty matters. There is no basis for federal admiralty jurisdiction pursuant to Fed. R. Civ. P. 9(h), 28 U.S.C. § 1333, 28 U.S.C. § 1337, or the Admiralty Extension Act, 46 U.S.C. § 30101.

Ms. Daniel also cites Title 22 U.S.C. § 286g. (*See* Complaint at p. 2 of 16; Amended Complaint at p. 2 of 18). Section 286g provides:

> For the purpose of any action which may be brought within the United States or its Territories or possessions by or against the Fund or the Bank in accordance with the Articles of Agreement of the Fund or the Articles of Agreement of the Bank, the Fund or the Bank, as the case may be, shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and any such action at law or in equity to which either the Fund or the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action. When either the Fund or the Bank is a defendant in any such action, it may, at any

time before the trial thereof, remove such action from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law.

Neither the International Monetary Fund nor the International Bank of Reconstruction and Development is a Defendant in this action. There are no allegations regarding either of these institutions. There is no basis for federal jurisdiction pursuant to § 286g.

Ms. Daniel further cites Title 28 U.S.C. § 1337. (*See* Complaint at p. 2 of 16; Amended Complaint at p. 2 of 18). Section 1337 provides in pertinent part:

Commerce and antitrust regulations; amount in controversy, costs

(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

"The mere fact that a federal statute regulating commerce may be tangentially related to a cause of action is insufficient to confer federal district courts with original jurisdiction under § 1337." *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1398 (S.D. Tex. 1995) (citation omitted). The existence of jurisdiction based on § 1337 is determined by the same standard as federal question jurisdiction. *Coleman*, 888 F. Supp. at 1398. "Therefore, any discussion of federal question jurisdiction is applicable to jurisdiction pursuant to 28 U.S.C. § 1337." *Penn State Const. Co., Inc. v. Associated-East Mortgage Co.*, 457 F. Supp 396, 398-99 (D.C. Pa. 1978) (citations omitted). A case "arises under" federal law within the meaning of the general federal question statute only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Were the court to guess as to the meaning of the allegations, it appears that the Complaint and Amended Complaint address ongoing state court foreclosure proceedings involving real property located at Lot 74, Pine Park Estates, Unit 3, County of Jefferson, State of Colorado, commonly known as 6427

5

South High Drive, Morrison, Colorado. (*See, e.g.*, Amended Petition (doc. # 27) at p. 17 of 18 ¶ d)). The foreclosure proceedings are matters of state law that do not arise under federal laws regulating commerce or protecting trade and commerce against restraints and monopolies. There is no adequate basis alleged for federal jurisdiction pursuant to § 1337.

For lack of subject matter jurisdiction, this civil action is properly dismissed.

III.     Failure to State a Claim upon which Relief Can be Granted

The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F. 3d at 1215 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks and citation omitted).

The Complaint and Amended Complaint fail to state any claim against any particular Defendant. Ms. Daniel has not alleged a single specific act by any of the Defendants that would give rise to a federal claim against them. For this reason also, this civil action is properly dismissed.

Accordingly, IT IS RECOMMENDED that:

1. Ms. Daniel's "Emergency Petition in Rem for Civil Warrant" (filed November 9, 2007) (doc. # 2) (docketed by the Clerk of the Court as "Motion for Order") be DENIED.

2. The Motion to Dismiss filed by Defendants Mary Schaefer, Ted Mink, and Faye Griffin on December 4, 2007 (filed December 4, 2007) (doc. # 12) be GRANTED.

3. Duetsche Bank National Trust Company's "Motion to Dismiss" (filed December 6, 2007) (doc. # 15) be GRANTED.

4. The "State Defendants' Motion to Dismiss" (filed December 11, 2007) (doc. # 20) be GRANTED.

5. Ms. Daniel's Motion to Strike (filed December 21, 2007) (doc. # 22) be DENIED.

6. Ms. Daniel's Motion to Strike (filed December 21, 2007) (doc. # 23) be DENIED.

7. The Petition (filed November 7, 2007) (doc. # 1), the Amended Petition (filed January 4, 2008) (doc. # 27), and this civil action be DISMISSED without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[2]

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583

---

[2] *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice."); Hernandez *v. Conriv Realty Assoc.*, 182 F.3d 121, 123-24 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

(10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of March, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge